IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

DERRICK HOWARD,

    Petitioner,

v.                                                                  No. 1:26-cv-01147-JDB-jay

WARDEN C. HARRISON,

    Respondent.

---

ORDER TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 2241(a)

---

On July 6, 2026, Petitioner, Derrick Howard, an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), Bureau of Prisons register number 31259-076, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Docket Entry ("D.E.") 1.)  Petitioner paid the case filing fee on July 9, 2026.  (D.E. 3.)  For reasons explained below, the Clerk is ORDERED to transfer this case to the United States District Court for the Western District of Tennessee, Western Division, at Memphis.

28 U.S.C. § 2241(a) provides that district courts may only grant writs of habeas corpus "within their respective jurisdictions."  Thus, the law is clear that the proper venue for a § 2241 petition is the judicial district where the petitioner is confined or where his custodian is located. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."  (citations omitted)); *Roman v. Ashcroft*, 340 F.3d 314, 318-20 (6th Cir. 2003); *Wright v. U.S. Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977) ("The habeas corpus power of federal courts over prisoners in federal

custody has been confined by Congress through 28 U.S.C. § 2241 to those district courts within whose territorial jurisdiction the custodian is located." (citing *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484 (1973))). Howard is not presently confined in this jurisdiction.[1] (*See* D.E. 1.)

Petitioner is currently incarcerated at FCI Memphis, in Shelby County, Tennessee, which is located within the jurisdiction of the Western Division of the United States District Court for the Western District of Tennessee. *See* 28 U.S.C. § 123(c)(2). Therefore, Howard's § 2241 petition should have been filed in the Western Division of this District.

The Clerk is ORDERED to transfer this case to the United States District Court for the Western District of Tennessee, Western Division, at Memphis, pursuant to 28 U.S.C. § 1406(a).[2]

The Clerk is directed to close this case without entry of judgment. The Clerk is further directed not to file any documents in this closed case. Any documents received from Petitioner should be forwarded to the Western Division of the Western District of Tennessee or returned to Petitioner, as appropriate.

IT IS SO ORDERED this 14th day of July 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1] *See* Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (type in register number "31259-076" and search) (last visited July 13, 2026).

[2] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).